# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50305

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

DEON ELLINGTON WAYNEWOOD,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: November 6, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of conviction and unified sentence of twenty-five years, with eight years determinate, for sexual battery of a minor child age sixteen or seventeen years of age, affirmed.

Erik R. Lehtinen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Pursuant to a plea agreement, Deon Ellington Waynewood entered an *Alford*[1] plea to an amended charge of sexual battery of a minor child age sixteen or seventeen years of age, Idaho Code § 18-1508A(1)(c), and the State dismissed additional charges. The district court imposed a unified sentence of twenty-five years, with eight years determinate. Waynewood appeals, contending that his sentence is excessive.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Waynewood's judgment of conviction and sentence are affirmed.